FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 09 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LYNETTE VANDERHORST,

                Plaintiff,

     - against -

SARAH HEITNER,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

14-CV-4268 (SLT) (VVP)

**TOWNES, United States District Judge:**

On November 20, 2013 Plaintiff, Lynette Vanderhorst, commenced this torts action in Supreme Court of the State of New York, Kings County, seeking to recover damages for injuries arising out of a motor vehicle accident. On June 27, 2014, Defendant, Sarah Heitner, petitioned for removal of the action to this Court, alleging diversity jurisdiction. Plaintiff now moves to remand this action to state court pursuant to 28 U.S.C § 1447(c), asserting that both Defendant and Plaintiff are citizens of New York and that this Court, therefore, lacks subject matter jurisdiction. For the following reasons, the Court concludes that Defendant has failed to meet her burden of proving a basis for federal jurisdiction and remands this action to state court.

## BACKGROUND

On July 31, 2013, Plaintiff, a resident of New York, and Defendant were traveling on 211 Route 17 South, Paramus, New Jersey when their vehicles collided. (Compl. ¶¶ 8, 11). On November 20, 2013, Plaintiff commenced an action for personal injuries in the New York State Supreme Court, Kings County. (Affirmation of Bruce Newborough, Esq., in Support of Motion for Remand ("Newborough Affirmation"), ¶ 4.) The complaint did not allege the citizenship of either party, but alleged that both of the vehicles involved in the accident bore New York license

plates. (Compl. ¶¶ 7, 9). The pleading also alleged that Plaintiff sustained serious permanent injuries as a result of Defendant's negligence and sought damages in the sum of five million dollars. (Compl. ¶¶ 14, 18).

On June 27, 2014, Defendant filed a Petition for Removal in this Court, alleging that this Court has diversity jurisdiction over this case. In her Petition, Defendant alleged that she was a resident of the State of New Jersey at the time the action commenced and at the time the petition was filed. (Petition, ¶ G). Defendant also filed a Notice of Removal in state court, though that notice was filed with the wrong index number.

Approximately four months later, on October 9, 2014, Plaintiff moved to remand this action to state court on the ground that this Court lacked subject matter jurisdiction because Defendant was a citizen of New York.[1] (Newborough Affirmation ¶ 18). In his affirmation in support of the motion, Plaintiff's counsel states that an August 12, 2014, search of Defendant's vehicle identification number indicated Plaintiff still had a New York address: 88 Columbia Street, Apt 105, Corning, New York, the same address appearing on the accident report filed on July 31, 2013. (Newborough Affirmation ¶ 18). Plaintiff's counsel also attaches to his affirmation evidence that Defendant had a valid New York State driver's license until August 2014, when it was suspended indefinitely. (Newborough Affirmation Ex. C).

---

[1] Plaintiff contends that she was unable to oppose Defendant's Notice of Removal until this date because "the caption and index number did not exist in the New York State Supreme Court, Kings County and Plaintiff was never served with a complete/correct" notice. (Newborough Affirmation ¶ 5). Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . . ." (emphasis added). Because Plaintiff bases her motion for remand on a lack of subject matter jurisdiction, Plaintiff's motion is timely even though it was brought four months after the Petition for Remand was filed.

2

In opposition to Plaintiff's motion, Defendant has submitted an affirmation signed by her attorney, Cesar O. Bilbao (the "Bilbao Affirmation"). The affirmation asserts that "diversity jurisdiction exists because Defendant was a resident of New Jersey... at the commencement of Plaintiff's actions and at the time of removal." (Bilbao Affirmation ¶ C). The affirmation makes no representations regarding Defendant's domicile or citizenship, but cites to Defendant's affidavit (attached to the Bilbao affirmation as Exhibit C) in support of his assertion.

The affidavit of Sarah Heitner ("Defendant's Affidavit"), like the Bilbao Affirmation, states only that Defendant resides in New Jersey. The Heitner Affidavit states that Defendant resided in an apartment in Lodi, New Jersey, prior to the commencement of this action on November 20, 2013, and at the time the Petition for Removal was filed on June 27, 2014. In support of these statements, Defendant attaches a one-year lease for the Lodi apartment, executed July, 31, 2013 (Heitner Affidavit, Ex. A), a poor-quality copy of a New Jersey driver's license which appears to be issued on October 22, 2013, and an illegible copy of a New Jersey Vehicle Registration (Heitner Affidavit, Ex. B). However, the Heitner Affidavit does not allege that the Lodi apartment is Plaintiff's only residence or the place to which she intends to return whenever she is absent.

## DISCUSSION

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). Federal courts may exercise diversity jurisdiction only when complete diversity exists between the parties, namely "when all plaintiffs are citizens of different states from all defendants." *Audi of Smithtown, Inc. v.*

*Volkswagen of Am., Inc.*, No. 08-CV-1773 (JFB)(AKT), 2009 WL 385541, at *3 (E.D.N.Y. Feb. 11, 2009). In order for a party "to remove a case from state to federal court, diversity must exist both at the time the complaint is filed and at the time the removal petition is presented to the federal court." *Thompson v. Williams*, No. 98-CV-6177 (ILG), 1998 WL 938778, at *2 (E.D.N.Y. Nov. 20, 1998).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citing *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). Thus, "[i]f challenged, the party defending removal must demonstrate a basis for federal court jurisdiction and prove compliance with statutory removal requirements." *Thompson*, 1998 WL 938778, at *1. "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). A motion to remand will be granted when the opposing party fails to demonstrate a basis for federal jurisdiction, or fails to show strict compliance with statutory removal requirements. *Thompson*, 1998 WL 938778, at *1.

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Accordingly, "'[d]omicile' is not necessarily synonymous with 'residence.'" *Id.* "[O]ne can reside in one place but be domiciled in another." *Id.*

The Second Circuit has defined "domicile" as "'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the

4

intention of returning.'" *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos*, 157 F.3d at 948). To ascertain the person's intentions, a court "reviews the totality of the evidence and considers multiple factors." *Nichairmhaic v. Dembo*, No. 3:13-CV-01184 (JCH), 2014 WL 2048585, at *4 (May 19, 2014) (internal quotation marks and citations omitted). The relevant factors include "where the person is employed, exercises her civil and political rights, pays personal taxes, maintains bank accounts, obtained a driver's license, and maintains real and personal property," as well as "whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." *Id.* (quoting *Hicks v. Brophy*, 839 F.Supp. 948, 951 (D. Conn. 1993)). "[N]o single factor can conclusively establish a party's domicile." *Id.*; *see Hicks*, 839 F.Supp. at 951 ("no single factor is conclusive").

In this case, Defendant has not met her burden of establishing a basis for subject matter jurisdiction. Notably, Defendant's Affidavit states only that she resides in an apartment in Lodi, New Jersey, not that she is a citizen of New Jersey. While Defendant has provided evidence that she signed a lease on the New Jersey apartment on July 31, 2013, the very day of the accident at issue, and that she obtained a New Jersey driver's license on October 22, 2013, this evidence alone does not establish domicile. Residence is not synonymous with domicile, *see Mississippi Band of Choctaw Indians*, 490 U.S. at 48, and domicile cannot be conclusively established by a single factor, such as the state issuing the person's driver's license. *See Nichairmhaic*, 2014 WL 2048585, at *4. Moreover, Plaintiff has adduced evidence that Plaintiff's motor vehicle records listed a New York address as of August 12, 2014, and that Defendant had a New York license until it was suspended in August 2014. Considering the totality of the circumstances, the Court finds the evidence adduced by Defendant insufficient to establish that Plaintiff was a citizen of

the State of New Jersey when Plaintiff commenced this action and when she removed this action to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand for lack of federal diversity jurisdiction is GRANTED. The action is hereby REMANDED to the Supreme Court of the State of New York, Kings County.

**SO ORDERED**

          /s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: July 2 , 2015
      Brooklyn, New York